# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MARCOS A. MORALES,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
CH-1221-21-0420-W-1

DATE: April 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ibidun Roberts</u>, Esquire, Columbia, Maryland, for the appellant.

<u>Dennis M. McGuire</u>, Esquire, Akron, Ohio, for the agency.

<u>Grant T. Swinger</u>, Esquire, Westchester, Illinois, for the agency.

<u>Timothy B. Morgan</u>, Esquire, Hines, Illinois, for the agency.

<u>Rachel A. Davakis</u>, Esquire, Washington, D.C., for *amicus curiae*, Office of Special Counsel.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND this matter to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On August 12, 2021, the appellant, a GS-11 Supervisory Diagnostic Radiologic Technician, filed an appeal with the Board alleging that the agency had retaliated against him for "whistleblower activity and perceived whistleblower disclosures." Initial Appeal File (IAF), Tab 1 at 4, Tab 9 at 31. The appellant alleged the following: (1) on January 14-17, 2019, he participated in an investigation conducted by the agency's Office of Medical Inspector (OMI); (2) on February 11-12, 2019, he participated in a Veterans Health Administration (VHA) Radiology site visit; and (3) on April 8-12, 2019, he participated in an investigation conducted by the agency's Office of the Inspector General (OIG). IAF, Tab 2 at 1. The appellant averred that the agency was aware of his participation in the three investigations. *Id.* at 2. He explained that, during each of these investigations, he was questioned about purported wrongdoings of M.S., the agency's Health Systems Specialist Director. *Id.*

The appellant asserted that, as a result of his participation in the three aforementioned investigations, the agency took the following actions: (1) on March 25, 2019, it cancelled a vacancy announcement for a position for which he had applied; (2) on September 3, 2020, it cancelled a vacancy announcement for a position for which he had applied; (3) on September 14, 2020, it failed to select him for the MidCon Administrative Officers Academy; and (4) between January 29, 2021, and February 5, 2021, it expanded the area of consideration for a position for which he had applied, i.e., it posted the position externally, in order

to avoid hiring him. *Id.* at 2-3. The appellant averred that M.S. had been involved in all of these actions. *Id.* at 4. The appellant explained that he had filed a complaint with the Office of Special Counsel (OSC) on March 10, 2021, and that, on July 31, 2021, OSC had provided him with a 60-day status update following a prior 90-day status update. *Id.* at 5, 88. He provided a copy of his OSC complaint, IAF, Tab 1 at 8-20, and explained that, on April 12, 2021, he had amended his complaint in response to OSC's initial assessment of the same, IAF, Tab 8 at 5, 9-14. The appellant's amended complaint alleged that the agency also perceived him as a whistleblower. *Id.* at 9. The appellant requested a hearing on the matter. IAF, Tab 1 at 2. The agency argued that the appellant had failed to show that the Board has jurisdiction over his appeal. IAF, Tab 10 at 7-13.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the matter for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1, 10. In so doing, she concluded that the appellant had exhausted his claims of protected activity with OSC.[2] ID at 3-5. She also found that he had exhausted his claim that the agency perceived him as a whistleblower. ID at 4. She found, however, that the appellant failed to make a nonfrivolous allegation that he had engaged in any protected activity under 5 U.S.C. § 2302(b)(9). ID at 6-8. To this end, she reasoned that the appellant had not gone to either OIG or any of the other agency investigatory components to disclose wrongdoing; rather, the components had come to him at his worksite, and he had "no choice but to cooperate." ID at 7. She also reasoned that the appellant had not provided any information to these entities that "constitute[d] a

[2] The administrative judge explained via footnote that the appellant had also indicated that he had filed an equal employment opportunity (EEO) complaint on January 29, 2021, and that an EEO representative had thereafter contacted agency management officials regarding the complaint. ID at 5-6 n.7. She also indicated that the appellant had alleged that he had contacted the office of Senator Tammy Duckworth. *Id.* The administrative judge explained, however, that the appellant did not allege that either of these actions constituted protected activity under 5 U.S.C. § 2302(b)(9) or that any adverse personnel actions had stemmed therefrom. *Id.* The appellant does not raise any arguments concerning either of these actions on review.

disclosure under whistleblowing law"; indeed, the appellant "had nothing to disclose to the investigators about the suspected wrongdoing." ID at 7-8. For these same reasons, the administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency perceived him as a whistleblower. ID at 8-9. Although the administrative judge found that the appellant had exhausted various alleged personnel actions with OSC, she did not make a finding regarding whether the appellant had made nonfrivolous allegations of personnel actions under 5 U.S.C. § 2302(a). ID at 4-5.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3, 5.[3] Additionally, OSC has filed an amicus curiae brief.[4] PFR File, Tab 6.

### DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[5] that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[6] of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected

---

[3] The agency's response was due on or before December 3, 2021. PFR File, Tab 4 at 1. The agency ostensibly filed its response at 12:45 a.m. on December 4, 2021. PFR File, Tab 3, Tab 4 at 1. The agency, however, is located in Hines, Illinois; thus, its response was timely filed. *See* 5 C.F.R. § 1201.14(m) (2021) (explaining that the date of filing for pleadings filed via e-Appeal Online are time stamped with Eastern Time, but the timeliness of a pleading will be determined based on the time zone from which the pleading was submitted).

[4] OSC contends in its brief that the administrative judge erred in finding that the appellant failed to nonfrivolously allege that his cooperation with, and disclosures to, the agency's investigative components constituted protected activity under 5 U.S.C. § 2302(b)(9)(C). PFR File, Tab 6 at 1-10. As discussed herein, we agree with OSC's contention.

[5] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[6] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 11, 14. The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of affording the appellant a hearing. *Grimes v. Department of the Navy*, 96 M.S.P.R. 595, ¶ 12 (2004).

For the following reasons, we disagree with the administrative judge's conclusion that the appellant failed to establish Board jurisdiction, and we remand the matter for adjudication on the merits.

<u>The appellant made a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9).[7]</u>

The administrative judge concluded that the appellant failed to make a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9) because (1) his participation in the three agency investigations was compulsory and (2) he had not disclosed any wrongdoing to agency investigators, much less made a protected disclosure. ID at 7-8. We disagree with this conclusion.

An appellant engages in protected activity when he cooperates with, or discloses information to, "the Inspector General (or any other component

_____

[7] We find that the appellant exhausted his administrative remedies before OSC regarding the allegations discussed herein; indeed, the agency did not discernably dispute that the appellant satisfied the exhaustion requirement. IAF, Tab 1 at 16-17, Tab 8 at 9-11; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011) (explaining that an appellant may demonstrate exhaustion through, among other things, his initial OSC complaint, evidence that he amended his initial complaint, and his correspondence with OSC).

responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law." 5 U.S.C. § 2302(b)(9)(C). Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosures of information to an agency component responsible for internal investigation or review are protected regardless of their content, as long as such disclosures are made "in accordance with applicable provisions of law." *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Here, the appellant asserted that he cooperated with investigations conducted by three separate agency investigatory components, i.e., OMI, VHA Radiology, and OIG.[8] IAF, Tab 2 at 1. He also asserted that, during each of these investigations, he provided "the best information he had" concerning the alleged wrongdoings of M.S. *Id.* at 2. Contrary to the administrative judge's findings, neither the content of the appellant's disclosures to these components nor his lack of proactivity in making the same are relevant for purposes of Board jurisdiction; indeed, the plain language of the statute provides that an appellant need only "cooperat[e] with" or "disclos[e] information to" such an entity.[9] *See* 5 U.S.C. § 2302(b)(9)(C); *see also Fisher*, 2023 MSPB 11, ¶ 8. Thus, we find that the appellant made a

---

[8] As indicated, the statute provides that "cooperating with or disclosing information to" OIG, OSC, or "any other component responsible for internal investigation or review" constitutes protected activity. 5 U.S.C. § 2302(b)(9). Thus, the appellant's assertion that he participated in an OIG investigation amounts to a nonfrivolous allegation of protected activity. Insofar as the appellant provided documents showing that OMI has the authority to conduct internal agency investigations, we find that the appellant's allegation that he participated in an OMI investigation also constitutes a nonfrivolous allegation of protected activity. *E.g.*, IAF, Tab 1 at 65-66. Although the appellant's assertions regarding the VHA Radiology site visit were less clear, he specifically asserted that this component is responsible for internal reviews. IAF, Tab 2 at 1, Tab 11 at 5-6. We find that such an allegation is sufficient at the jurisdictional stage. *See Hessami*, 979 F.3d at 1364, 1369.

[9] The nature of an appellant's cooperation/disclosures may be relevant at the merits stage of an IRA appeal, when an appellant must prove the contributing factor element by preponderant evidence, and the agency must defend itself by providing clear and convincing evidence that it would have taken the same personnel action absent the protected activity. *See Fisher*, 2023 MSPB 11, ¶ 8 n.1.

nonfrivolous allegation of three instances of protected activity under 5 U.S.C. § 2302(b)(9).[10]

<u>The appellant made a nonfrivolous allegation that the agency perceived him as a whistleblower.</u>

The administrative judge concluded that the appellant failed to make a nonfrivolous allegation that the agency perceived him as a whistleblower because he had merely cooperated with agency-initiated investigations and neither was aware of any actual wrongdoing nor made any protected disclosures to agency investigators. ID at 8-9. We disagree with this conclusion.

The Board is authorized under 5 U.S.C. § 1221(a) to consider a request for corrective action when the appellant alleges that the agency violated 5 U.S.C. § 2302(b)(9)(C) by taking or failing to take a personnel action based on its perception that he engaged in activity protected under that statute. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 12 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. The analysis of whether an appellant was actually a whistleblower is different than the analysis of whether an appellant was perceived as a whistleblower. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 8 (2011). In cases falling under the latter category, the Board will focus its analysis on the agency's perceptions, i.e., whether the agency officials involved in the personnel actions at issue believed that the appellant engaged or intended to engage in protected activity. *See id.* In these cases, the issue of whether the appellant actually engaged in protected activity is immaterial; the issue of whether the agency

---

[10] In his petition for review, the appellant asserts that "he did make protected disclosures" during the course of the three investigations. PFR File, Tab 1 at 9. We surmise that, through this assertion, the appellant is buttressing his argument that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C). To the extent he is instead asserting that he also made protected disclosures under 5 U.S.C. § 2302(b)(8), we find his assertion unavailing. Indeed, the appellant did not allege before either OSC or the administrative judge that his IRA appeal concerned protected disclosures under 5 U.S.C. § 2302(b)(8). IAF, Tab 1 at 10, 16-17, Tab 2 at 1-2, Tab 8 at 9; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).

perceived him as a whistleblower will essentially stand in for that portion of the Board's analysis in the jurisdictional stage of the appeal. *Id.*

Here, as discussed, the appellant alleged that agency management was aware that he had participated in all three agency investigations, each of which we have found constituted protected activity under 5 U.S.C. § 2302(b)(9)(C). IAF, Tab 2 at 1-2. Implicit in this allegation was an allegation that agency management believed that he had engaged in protected activity vis-à-vis the investigations. Thus, we find that the appellant also made a nonfrivolous allegation that the agency perceived him to be a whistleblower. However, to the extent the appellant proves at the merits stage of his appeal that he participated in all three investigations and that the relevant agency management officials were aware of his participation, the appellant's "perceived as" claim will likely carry little weight.

<u>The appellant made a nonfrivolous allegation that he was subjected to personnel actions.</u>

Although the administrative judge found that the appellant had exhausted his administrative remedy regarding his four alleged personnel actions, she did not make a finding as to whether his allegations constituted nonfrivolous allegations of personnel actions under 5 U.S.C. § 2302(a). As stated, the appellant identified the following personnel actions: (1) a March 25, 2019 cancellation of a vacancy announcement for a position for which he had applied; (2) a September 3, 2020 cancellation of a vacancy announcement for a position for which he had applied; (3) his September 14, 2020 nonselection for the MidCon Administrative Officers Academy; and (4) the agency's January 2021 expansion of the area of consideration for a position for which he had applied. IAF, Tab 2 at 2-3.

Regarding the March 25, 2019 and September 3, 2020 vacancy announcement cancellations, the appellant asserted that, on the aforementioned dates, the agency cancelled vacancy announcements for a Health Systems

Specialist Position. *Id.* at 2, 7, 9. He averred that he had interviewed for the first vacancy announcement prior to the agency's cancellation of the same and that the agency cancelled the second vacancy announcement on the same day that he applied for the position. *Id.* at 2. We find that these assertions constitute nonfrivolous allegations of two nonselections, i.e., two personnel actions under 5 U.S.C. § 2302(a)(2)(A)(i). *See Ruggieri v. Merit Systems Protection Board*, 454 F.3d 1323, 1326 (Fed. Cir. 2006) (explaining that a nonselection is a cognizable personnel action even when the agency does not select another candidate to fill the subject position).

Regarding his September 14, 2020 nonselection for a training opportunity at the MidCon Administrative Officers Academy, the appellant asserted that he sought to participate in the Academy, which is "a comprehensive, hands-on and intensive boot camp geared towards high-performing Administrative Officers [] who may serve as trainers and mentors at their home stations upon completion"; however, he was not selected for this opportunity. IAF, Tab 2 at 3-4, 10-18. "[A] decision concerning . . . training" is a personnel action if it "may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other [personnel] action [as described in 5 U.S.C. § 2302(a)(2)(A).]" 5 U.S.C. § 2302(a)(2)(A)(ix). Thus, the plain wording of the statute explicates that not all denials of training opportunities are covered personnel actions. *Id.*; *see Simone v. Department of the Treasury*, 105 M.S.P.R. 120, ¶ 9 (2007); *see also Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 387 (1997) (explaining that there must be, at a minimum, a moderate probability that the training would have resulted in some type of personnel action). Here, we find that the appellant made a nonfrivolous allegation of a personnel action under 5 U.S.C. § 2302(a)(2)(A)(ix). Indeed, in addition to alleging that the subject training opportunity was geared towards employees "who may serve as trainers and mentors at their home stations upon completion," IAF, Tab 2 at 4, the appellant also provided an email indicating that this training opportunity facilitated "the establishment of an

informal 'resource pool' of trained" administrative officers, *id.* at 12. Thus, we find that the appellant made a nonfrivolous allegation that he was denied a training opportunity that may reasonably have been expected to lead to an appointment, promotion, performance evaluation, or other personnel action. *See* 5 U.S.C. § 2302(a)(2)(A)(ix); *see also Grimes*, 96 M.S.P.R. 595, ¶ 12 (stating that any doubt or ambiguity regarding jurisdictional allegations should be resolved in favor of affording the appellant a hearing).

Lastly, regarding the agency's expansion of the area of consideration for a position, the appellant asserted that, on January 11, 2021, the agency posted a vacancy announcement for a Chief Technologist position. IAF, Tab 2 at 4. He averred that M.S. "actively sought other employees to apply for the position," and thereafter opened the position to external candidates.[11] *Id.* The appellant alleged that M.S. had taken these actions "to avoid hiring him." *Id.* at 3. We find that these assertions amount to a nonfrivolous allegation of an additional nonselection, i.e., a personnel action under 5 U.S.C. § 2302(a)(2)(A)(i). *See Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 4, 13-17 (2010) (concluding that an agency's purported use of "a particular selection process as part of a scheme that would deny a whistleblower an opportunity to seek [an] appointment" constituted a nonfrivolous allegation of a nonselection).

Accordingly, we find that the appellant made nonfrivolous allegations of four separate personnel actions, i.e., three nonselections and the denial of a training opportunity. *See* 5 U.S.C. § 2302(a)(2)(A)(i), (ix).

---

[11] As discussed in the initial decision, the appellant alleged in his OSC complaint that the agency failed to consider his veterans' preference when evaluating him for the Chief Technologist position; however, the appellant, who is represented by counsel, did not discernably raise this claim before the Board. ID at 5; IAF, Tab 1 at 17, Tab 2 at 2-3. To the extent the appellant wishes to raise a claim under the Veterans Employment Opportunities Act of 1998 (VEOA), he may file a separate appeal in this regard. *See Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008) (setting forth the jurisdictional standard for VEOA claims).

<u>The appellant has satisfied the contributing factor jurisdictional criterion.</u>

An appellant's protected activity is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to satisfy the contributing factor criterion is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Under this test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of his protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *See id.*; *see also* 5 U.S.C. § 1221(e)(1).

Here, the appellant alleged that the agency "was aware of everyone who participated in the investigations," which occurred in January 2019, February 2019, and April 2019. IAF, Tab 2 at 1-2, Tab 8 at 9. He also alleged that M.S. was involved with all four personnel actions at issue, which occurred between March 2019, and January 2021. IAF, Tab 2 at 4. Accordingly, we find that the appellant made nonfrivolous allegations that, if proven, would satisfy the contributing factor criterion via the knowledge/timing test.[12] *See Wadhwa*, 110 M.S.P.R. 615, ¶ 12 (explaining that, if an appellant satisfies the knowledge/timing test, the appellant has demonstrated that a protected disclosure was a contributing factor in a personnel action); *see also Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (explaining that the Board has held that a personnel action taken within approximately 1 to 2 years of a protected disclosure satisfies the knowledge/timing test).

---

[12] However, the appellant's March 25, 2019 nonselection predated the April 2019 OIG investigation; thus, the appellant's participation in the OIG investigation could not have contributed to his initial nonselection. IAF, Tab 2 at 1-3; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 10 (2015) (explaining that, because the subject personnel action predated the appellant's protected disclosure, the disclosure could not have contributed to the personnel action), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

Accordingly, we find that the appellant made nonfrivolous allegations that he engaged in protected activity under 5 U.S.C. § 2302(b)(9) and that the agency perceived him as a whistleblower. We also find that he made nonfrivolous allegations that his protected activity and the agency's perception of him as a whistleblower contributed to four personnel actions under 5 U.S.C. § 2302(a)(2), i.e., three nonselections and the denial of a training opportunity. Thus, we find that he is entitled to his requested hearing and a decision on the merits of his appeal. IAF, Tab 1 at 2; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that she deems necessary to adjudicate the merits of this appeal. *See Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).

## ORDER

For the reasons discussed above, we remand the appellant's IRA appeal to the Central Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.